# EXHIBIT 1

Order No. 925982

POST OFFICE DEPARTMENT
LEASE

| MAIN OFFICE, STATION, BRANCH, ETC. | CITY, COUNTY, STATE AND ZIP CODE |
|---|---|
| HILLCREST STATION | SAN DIEGO, SAN DIEGO, CALIFORNIA 92103 |

1. This LEASE, made and entered into this 15th day of AUGUST, 1972 by and between JOSEPH PENNER AND GRACE PENNER

hereinafter called the Lessor, whose address is 9000 Sunset Boulevard
Los Angeles, California 90069

for Lessor and Lessor's heirs, executors, administrators, successors, and assigns and the UNITED STATES of America hereinafter called the Government:

WITNESSETH: The parties hereto for the consideration hereinafter mentioned covenant and agree as follows:

2. The Lessor hereby leases to the Government the following described premises, viz:

All that certain plot of land situated at 3911 Cleveland Avenue, containing approximately 44,891 square feet of land, together with all improvements thereon; providing the approximate net areas; (a) interior space of 15,450 square feet, (b) platform and ramp area of 675 square feet, (c) parking and maneuvering area of 18,929 square feet, and (e) roof parking area of 31,420 square feet: legally described as follows: All of lots 1 through 9 inclusive of Block 189 of University Heights Tract, as per amended plot thereof, made by D. Heinecourt, as filed in the Office of the County Recorder of San Diego County in Book 8, Page 36 et. seq. of Lis Pendens files.

to be used for postal purposes.

3. TO HAVE AND TO HOLD the said premises with their appurtenances for:

| THE TERM BEGINNING | AND ENDING WITH | TOTAL NUMBER OF YEARS |
|---|---|---|
| 1 AUGUST 1972 | 31 JULY 1992 | TWENTY |

4. The Government shall pay the lessor an annual rental of:

SEVENTY NINE THOUSAND EIGHT HUNDRED EIGHTY Dollars. $ 79,880.00

payable in equal installments at the end of each calendar month. Rent for part of month shall be prorated.

5. This lease may be renewed, at the option of the Government, for the following separate and consecutive terms and at the following annual rentals:

| | NO. YEARS | AT (PER ANNUAL RENTAL) | | NO. YEARS | AT (PER ANNUAL RENTAL) | | NO. YEARS | AT (PER ANNUAL RENTAL) |
|---|---|---|---|---|---|---|---|---|
| (a) | 5 | $87,000.00 | (c) | 5 | $87,000.00 | (e) | 5 | $93,000.00 |
| (b) | 5 | $87,000.00 | (d) | 5 | $93,000.00 | (f) | 5 | $93,000.00 |

provided notice be given in writing to the Lessor at least 90 days before the end of the original lease term or any renewal term. All other terms and conditions of this lease shall remain the same during any renewal term unless stated otherwise herein.

6. The Lessor shall furnish to the Government under the terms of this lease, as part of the rental consideration, the following:

(a) Lessor shall furnish heating system of sufficient size and capacity to provide uniform temperature in all portions of the demised premises in accordance with contractual requirements, and if not specifically specified in the contractual requirements, to furnish a heating system of sufficient size and capacity to provide uniform temperature of 70 degrees F. in all portions of the demised premises, together will all filters required for proper operation of the system during the continuance of the lease. (Continued on Page 1-A)

Paragraph 5. Continued from Page 1.

(b) Lessor agrees to provide and install light fixtures in accordance with contractual requirements and to provide and replace during the continuance of the lease all replacement ballasts as needed.

(c) Lessor agrees to furnish air conditioning equipment in accordance with contractual requirements, servicing of said equipment, including, but not limited to, the replacement of necessary filters and refrigerant and filters as required for proper operation of the equipment.

7. The lessor shall, unless herein specified to the contrary, maintain the demised premises, including the building and any and all equipment, fixtures, and appurtenances, whether severable or nonseverable, furnished by the lessor under this lease in good repair and tenantable condition, except in case of damage arising from the act or the negligence of the Government's agents or employees. During the continuance of the lease, the interior of the building, including, but not limited to, the walls and ceilings, shall be repainted at least once every five (5) years unless required more often because of damage from fire or other casualty, or unless the five year period is specifically extended in writing by the Contracting Officer. The required painting shall be completed not later than six (6) months following the end of the first and each successive five (5) year period during the continuance of the lease. For the purpose of so maintaining said premises and property, the lessor may at reasonable times enter and inspect the same and make any necessary repairs thereto. Additionally, the lessor shall designate maintenance repairmen for electrical emergencies, for plumbing emergencies, for heating, ventilating and air conditioning emergencies and other emergencies (windows, doors, locks, etc.), to be called in the event of an emergency situation involving maintenance of the leased property and/or equipment when the lessor or his agent cannot be contacted within a reasonable time.

8. The Government may sublet all or any part of the premises or assign this lease but shall not be relieved from any obligation under this lease by reason of any such subletting or assignment.

9. The Government shall have the right to make alterations, attach fixtures and erect additions, structures or signs in or upon the premises hereby leased (provided such alterations, additions, structures or signs shall not be detrimental to or inconsistent with the rights granted to other tenants on the property or in the building in which said premises are located); which fixtures, additions or structures so placed in, upon or attached to the said premises shall be and remain the property of the Government and may be removed or otherwise disposed of by the Government. Prior to expiration or termination of this lease the Government shall, if required by the Lessor by notice in writing sixty days in advance of such expiration or termination, restore the premises to as good condition as that existing at the time of entering upon the same under this lease, reasonable and ordinary wear and tear and damages by the elements or by circumstances over which the Government has no control, excepted.

10. (a) This lease may be terminated upon ninety days' notice in writing to the Lessor whenever the Post Office Department shall decide to move the office into a Government owned building which shall have been provided for it.

(b) This lease may be terminated upon ninety days' notice in writing to the Lessor whenever, in the judgment of the Post Office Department, the growth of the postal business makes additional room necessary and the Lessor is unable or unwilling to furnish suitable and sufficient additional space at an additional rental satisfactory to the Department.

(c) If any building or any part of it on the leased property becomes unfit for use for the purposes leased, the lessor shall put the same in a satisfactory condition, as determined by the Post Office Department, for the purposes leased. If the lessor does not do so with reasonable diligence, the Post Office Department in its discretion may cancel the lease. For any period said building or any part thereof is unfit for the purposes leased, the rent shall be abated in proportion to the area determined by the Post Office Department to have been rendered unavailable to the Post Office Department by reason of such condition. Unfitness for use does not include subsequent unsuitability arising from such matters as design, size or location of the building.

(d) If conditions should occur which would otherwise give the Government the right to cancel this lease or to incur a cost for which it could obtain reimbursement under this lease, the Government shall not have said rights unless it gives:

(1) written notice of said occurrence by certified or registered mail to the mortgagee and the assignee of moneys due or to become due under this lease whose names and addresses are furnished to the Government by Lessor.

(2) said mortgagee and assignee not less than 45 days' opportunity to cure the default by the Lessor and the condition or conditions giving rise to said cancellation or reimbursement rights. Additional time may also be granted the above parties at the discretion of the Government. The curative period set out in this paragraph does not control or govern the curative period which has been or may be determined upon as proper in connection with any equal opportunity clauses, herein.

11. No member of or Delegate to Congress or Resident Commissioner shall be admitted to any share or part of this lease or to any benefit to arise therefrom. Nothing, however, herein contained shall be construed to extend to any incorporated company, if the lease be for the general benefit of such corporation or company.

12. (The following clause is applicable unless this contract is exempt under the rules and regulations of the Secretary of Labor issued pursuant to Executive Order No. 11246, dated September 24, 1965 (30 F.R. 12319) as amended by Executive Order 11375, dated October 13, 1967 (32 F.R. 14303)) During the performance of this contract, the contractor agrees as follows:

(a) The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Such action shall include, but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The contractor agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided by the contracting officer setting forth the provisions of this nondiscrimination clause.

(b) The contractor will, in all solicitations or advertisements for employees placed by or on behalf of the contractor, state that all qualified applicants will receive consideration for employment without regard to race, color, religion, sex, or national origin.

(c) The contractor will send to each labor union or representative of workers with which he has a collective bargaining agreement or other contract or understanding, a notice, to be provided by the agency contracting officer, advising the labor union or workers' representative of the contractor's commitments under Section 202 of Executive Order No. 11246 of September 24, 1965, as amended by Executive Order 11375 of October 13, 1967 and shall post copies of the notice in conspicuous places available to employees and applicants for employment.

(d) The contractor will comply with all provisions of Executive Order No. 11246 of Sept. 24, 1965, as amended by Executive Order 11375 of October 13, 1967, and of the rules, regulations, and relevant orders of the Secretary of Labor.

(e) The contractor will furnish all information and reports required by Executive Order No. 11246 of September 24, 1965, as amended by Executive Order 11375 of October 13, 1967 and by the rules, regulations, and orders of the Secretary of Labor, or pursuant thereto, and will permit access to his books, records, and accounts by the contracting agency and the Secretary of Labor for purposes of investigation to ascertain compliance with such rules, regulations, and orders.

59

In the event of the contractor's noncompliance with the nondiscrimination clauses of this contract or with any such rules, regulations, or orders, this contract may be cancelled, terminated or suspended in whole or in part and the contractor may be declared ineligible for further Government contracts in accordance with procedures authorized in Executive Order No. 11246 of Sept. 24, 1965, as amended by Executive Order 11375 of October 13, 1967, and such other sanctions may be imposed and remedies involved as provided in Executive Order No. 11246 of September 24, 1965, as amended by Executive Order 11375 of October 13, 1967, or by rule, regulation, or order of the Secretary of Labor, or as otherwise provided by law.

(g) The contractor will include the provisions of Paragraphs (1) through (7) in every subcontract or purchase order unless exempted by rules, regulations, or orders of the Secretary of Labor issued pursuant to Section 204 of Executive Order No. 11246 of Sept. 24, 1965, as amended by Executive Order 11375 of October 13, 1967, so that such provisions will be binding upon each subcontractor or vendor. The contractor will take such action with respect to any subcontract or purchase order as the contracting agency may direct as a means of enforcing such provisions including sanctions for noncompliance: *Provided, however,* That in the event the contractor becomes involved in, or is threatened with, litigation with a subcontractor or vendor as a result of such direction by the contracting agency, the contractor may request the United States to enter into such litigation to protect the interests of the United States.

13. (The following clause is applicable when the leased space is in a building occupied by tenants or concessionaires in addition to the Government and if the total rental under this lease exceeds $10,000 per year, or, at the sole election of the Government, if the total rental under this lease combined with the total rental under all other Federal Government leases of spaces in the building which the space covered by this lease is located exceeds $10,000 per year, the lessor agrees to comply with the following provision:)

(a) As used in this section, the term "facility" means stores, shops, restaurants, cafeterias, rest-rooms, and any other facility of a public nature in the building in which the space covered by this lease is located.

(b) The lessor agrees that he will not discriminate by segregation or otherwise against any person or persons because of race, creed, color, or national origin in furnishing, or by refusing to furnish to such person or persons the use of any facility, including any and all services, privileges, accomodations, and activities provided thereby.

(c) It is agreed that the lessor's noncompliance with the provisions of this section shall constitute a material breach of this lease. In the event of such noncompliance, the Government may take appropriate action to enforce compliance, may terminate this lease, or may pursue such other remedies as may be provided by law. In the event of termination, the lessor shall be liable for all excess costs of the Government in acquiring substitute space, including but not limited to the cost of moving to such space.

(d) The lessor agrees to include, or to require the inclusion of, the foregoing provisions of this section (with the terms "lessor" and "lease" appropriately modified) in every agreement or concession pursuant to which any person other than the lessor operates or has the right to operate any facility. The lessor also agrees that it will take such action with respect to any such agreement as the Department may direct as a means of enforcing this section, including but not limited to termination of the agreement or concession.

14. The following paragraphs were deleted before execution:

Paragraph 10 (a) and (b).

15. The following paragraphs were added before execution:

Paragraph 16. Tax Clause Rider as Page 4



Paragraph 16. 60

TAX CLAUSE RIDER

(a) The lessor shall present to the Government the general real estate tax bills of each taxing authority for taxes due and payable on the land and buildings hereby demised when said taxes apply to any year or part thereof within the term of this lease. Presentation of said tax bills shall be made in the manner and to the office shown in subparagraph (d) hereof to permit payment of said taxes in the manner set out herein before any fine, penalty, interest or cost may be added thereto for the non-payment thereof and in time to obtain any discount allowed by the taxing authority. After the presentation of said tax bills, the Government shall pay to the lessor, as additional rent due hereunder, the net amount of said taxes by check made payable to the lessor and the taxing authority issuing said tax bill. The lessor shall thereafter promptly indorse said check and deliver the same to said taxing authority.

(b) If a part of said general real estate taxes applies to any period prior to the commencement or subsequent to the expiration of the term of this lease and the remainder of the general real estate taxes applies to the period of time within the term of this lease, the Government shall be liable to pay the lessor in the aforesaid manner only that portion of said taxes applying to the period of time within the term of this lease.

(c) In the event that general real estate taxes for any tax year or part thereof within the term hereby demised apply to the land only, the provisions of this entire tax article shall be and remain operative in the same manner and to the same extent as though said taxes applied to both land and buildings.

(d) The lessor shall furnish the Government tax bills and copies of all notices which may effect the valuation of said land and buildings for general real estate tax purposes or which may affect the levy or assessment of general real estate taxes thereon. Such notices and tax bills shall be delivered or mailed within three days from the receipt thereof by the lessor to: Chief, Real Estate Division, U. S. Army Engineer District, Los Angeles, P.O. Box 2711, Los Angeles, California 90053 or to such other officer as he may in writing direct. The lessor shall cause payment of said general real estate taxes to be made under protest when requested to do so by the Government. The Government may contest the amount or validity of any valuation for general real estate tax purposes or of any levy or assessment of any general real estate taxes by appropriate legal proceedings either in the name of the Government or the name of the lessor or in the names of both. The lessor upon reasonable notice and request by the Government shall join in any such proceedings, but the lessor shall not be subject to any liability for the payment of penalties, costs or expenses in connection with any proceedings brought by the Government and the Government hereby covenants to indemnify and save harmless the lessor from any such penalties, costs, or expenses. The lessor shall cooperate with the Government in any such contest or proceeding and execute any documents or pleadings required for such purpose provided the lessor shall reasonably be satisfied that the facts and data set forth in such documents or pleadings are accurate.

(e) In the event the lessor fails to present to the Government the general real estate tax bills within three days from the receipt thereof by lessor and such failure results in the addition of any fine, penalty, interest or cost to the amount of tax or the loss of any discount which would have been allowed by the taxing authority for prompt payment of tax, the lessor will be responsible and liable for payment of such fine, penalty, interest, cost or the amount of lost discount and the Government will be liable only for payment of the net taxes less such discount as would have been allowed for prompt payment.

(f) It is understood and agreed that the terms and conditions of the Tax Clause Rider are only applicable if the premises leased to the Government as described in Paragraph 2 are assessed and taxed separately. In the event there is a combined assessment and taxation of said premises with other property, subject Rider shall be null and void.

DD Form 1419
... 1955

It is expressly understood between the parties hereto that the terms and conditions of the Agreement to Lease executed by Joseph Penner and Grace Penner and accepted by the Government on 15 August, 1972, including any amendment and modifications thereto, are made part of this lease and are to be complied with as though fully set forth herein.

IN WITNESS WHEREOF, the parties hereto have hereunto signed and sealed these presents as of the date first written above.

SEAL

(Company, Corporate or Partnership Name)

(A (State) Corporation)

By

Its (Title)

By

Its (Title)

WITNESSES:

Joseph Penner

Grace Penner
(Husband and Wife)

GOVERNMENT:

WITNESSES:

THE UNITED STATES OF AMERICA

By

Title JOHN HOUSTON
Chief, Real Estate Division
Contracting Officer
U. S. Army Engineer District, Los Angeles
P. O. Box 2711
Los Angeles, CA 90053

DD Form 1449
Jul 1964



EXHIBIT "B", Page 6